IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARYL QUAY HAMPTON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   Case No. 21-cv-357-DWD |
| | ) |
| WARDEN OF MARION USP, | ) |
| | ) |
| Respondent. | ) |

## ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

**DUGAN, District Judge:**

On April 2, 2021, Petitioner Daryl Quay Hampton, an inmate in the custody of the Bureau of Prisons who is incarcerated at USP-Marion within the Southern District of Illinois, filed a *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2241. This case is before the Court for preliminary review of Hampton's petition pursuant to Rule 4 of the FEDERAL RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS, which can be applied to § 2241 petitions pursuant to Rule 1(b). Rule 4 directs the judge who receives a petition to promptly examine it, and, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."

In 2016, Hampton pleaded guilty to attempted coercion and enticement of a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b) in the United States District Court for the Western District of Texas. He entered into a plea agreement pursuant to Rule 11(c)(1)(C) that made a binding recommendation for a sentence of 10 years of

imprisonment. The Court agreed to the binding recommendation and sentenced Hampton to a 10-year term of imprisonment. Judgement was entered on January 24, 2017. Hampton did not appeal, and his conviction became final on or about February 23, 2017.

On April 21, 2020, Hampton filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 in the Western District of Texas. He raised seven grounds for relief: (1) the United States had no standing to prosecute him for his offense of conviction and the district court lacked subject matter jurisdiction over his case, (2) the statute charged was unconstitutional as applied, (3) he was actually innocent, (4) the original charging document was defective, (5) his guilty plea was invalid because it was taken by a magistrate judge, (6) prosecutorial misconduct, and (7) defense counsel was ineffective for failing to raise these issues. His motion was dismissed as untimely on July 30, 2020, and the Court declined to issue a certificate of appealability. Hampton sought reconsideration in the district court of the order denying his § 2255 motion, but that motion was denied, as well. He did not seek a certificate of appealability from the Fifth Circuit Court of appeals, nor did he appeal the district court's decision. He now raises these issues again in the instant § 2241 petition, suggesting that § 2255 was inadequate to provide him relief for his claims.

Generally, § 2241 petitions may not be used to raise claims of legal error in a conviction or at sentencing and are limited to challenges regarding the execution of a sentence. *See Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). A prisoner who has been convicted in federal court typically must bring challenges to his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the sentencing court. A prisoner is

limited to bringing only one motion under § 2255, however, unless a panel of the appropriate court of appeals authorizes the filing of a second or successive motion after certifying that the motion will involve either newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty" or a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Under very limited circumstances, however, a prisoner may employ § 2241 to challenge his federal conviction or sentence. Section 2255(e) contains a "savings clause" that authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." The Seventh Circuit has explained that a "procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998).

In the wake of *Davenport*, a petitioner must meet three conditions to trigger the savings clause. First, he must show that he relies on a new statutory interpretation case rather than on a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion and that the decision applies retroactively. Finally, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is so grave that it is deemed a miscarriage of justice. *See Brown v. Caraway*, 719 F>3d 583, 586 (7th Cir. 2013); *Brown v. Rios*, 696 F.3d 638, 640 (7th

Cir. 2012).

Petitioner's basis for claiming that the § 2255 remedy was inadequate to address his claims is that his motion was not successful, as it was dismissed as untimely when it was filed more than three years after his conviction became final. The Seventh Circuit is clear that the remedy offered under § 2255 is not inadequate merely because the claims raised in a § 2241 could have been, or were, advanced in an earlier § 2255 motion. *See Taylor v. Gilkey*, 314 F.3d 832, 835-36 (7th Cir. 2002); *Davenport*, 147 F.3d at 609. That is, the remedy is "'inadequate and ineffective' only when a structural problem in § 2255 forecloses even one round of effective collateral review." Essentially, that Petitioner's motion was untimely does not render the remedy inadequate because that alone does not establish a structural problem in § 2255 that prevented him from pursuing collateral review.

The Seventh Circuit has observed that a "prisoner cannot be permitted to lever his way into a section 2241 by *making* his section 2255 remedy inadequate." *Morales v. Bezy*, 499 F.3d 668, 672 (7th Cir. 2007)(emphasis in original). To permit Petitioner to proceed via § 2241 petition on the claims denied in his untimely § 2255 motion would be to do just that. He raised his claims in an untimely, and they were denied. Accordingly, they cannot be brought now in a § 2241 petition.

## Conclusion

For the above-stated reasons, the petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **DENIED**. This action is **DISMISSED with prejudice**. The Clerk of Court shall enter judgment reflecting the dismissal and shall close this case.

It is not necessary for Petitioner to obtain a certificate of appealability should he choose to appeal this Order denying his § 2241 Petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000). Petitioner may appeal by filing a notice of appeal, which typically must be filed within 30 days of the entry of judgment. *See* FED. R. APP. P. 4.

**SO ORDERED.**

Dated: May 13, 2021

_____
DAVID W. DUGAN
United States District Judge